### 11386

#### ROYSTER v. FRETWELL

##### (120 S. E., 715)

1. VENDOR AND PURCHASER—SALE CONTRACT HELD SUFFICIENTLY CERTAIN.—The provisions of a contract for the sale of land *held* not so uncertain as to prevent its enforcement.

2. VENDOR AND PURCHASER—PURCHASER HELD ENTITLED TO POSSESSION PRIOR TO PAYMENT.—Where the parties contemplated that purchaser would pay one-third of the purchase price and interest out of crops which he expected to make on the land when he was to receive title held, that he was entitled to possession prior to such payment.

Before TOWNSEND, J., Anderson, Spring Term, 1922. Affirmed.

Action by J. B. Royster against Joseph J. Fretwell. Judgment for plaintiff and defendant appeals.

*Mr. E. L. Herndon,* for appellant, cites: *Contract void for indefiniteness, uncertainty and incompleteness:* 7 A. & E. Enc. L., 116; 6 R. C. L., 644; 101 S. C., 178; 32 S. C., 533; 112 S. C., 162; 6 R. C. L., 617; 109 S. C., 255; 116 S. C., 263; L. R. A. 1917-D, 1074; 13 C. J., 262, 226, 267; 2 L. R. A. (N. S.), 221; 108 S. E., 737. *Parol evidence inadmissible to supply necessary details:* 116 S. C., 97; 6 R. C. L., 644, 897. *Plaintiff had not complied with terms of contract and cannot demand performance from the defendant:* 71 S. C., 322; 119 S. C., 134; 111 S. C., 87.

*Messrs. Shelor & Hughs,* for respondent, cite: *Declaration by agent of defendant in possession of land admissi-*

*ble:* 95 Am. Dec., 70; Jones, Evid., 353; 88 S. C., 283; 100 S. C., 279; 1 R. C. L., 484; 2 Hill L., 528. *Nonsuit improper where there is any testimony:* 45 S. C., 46; 51 S. C., 117; 52 S. C., 36; 52 S. C., 156; 56 S. C., 111; 59 S. C., 523; 61 S. C., 215; 66 S. C., 269; 76 S. C., 320; 79 S. C., 429; 100 S. C., 499; 100 S. C., 389. *Directed verdict would have been improper:* 409 S. E., 103; 118 S. E., 613.

January 2, 1924.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

The facts upon which this case was heard in the Supreme Court are thus stated in the record:

"This action was commenced on the 2d day of February, 1920, in the Court of Common Pleas for Oconee County. The complaint alleges:

"(1) That on, or about, the 6th day of October, 1919, defendant, being the owner in fee and possessed of certain real property in the County of Oconee, State of South Carolina, and being desirous of disposing of the same, made and entered into a contract in writing with plaintiff, copy of which is as follows:

" 'State of South Carolina, County of Oconee.

" 'This agreement, entered into by and between J. J. Fretwell, of Anderson County, party of the first part, and J. B. Royster, Anderson County, S. C., party of the second part, witnesseth:

" 'That J. J. Fretwell, party of the first part, agrees to sell, and does sell, unto the said party of the second part all that certain piece, parcel or tract of land lying, being and situate in Seneca Township, Oconee County, S. C., one hundred and forty-three (143) acres, more or less, adjoining lands of J. M. Smith, W. C. Bradley, Carl H. McClain and others, and is known as a part of the Will Trow-

bridge place.   The purchase price of said tract of land is to be $100.00 per acre, payable as follows:

" 'J. B. Royster to pay ten bales of cotton weighing 500 pounds each in each and every year until he shall have paid one-third of the purchase price,. together with the interest on the same at the rate of 6 per cent. per annum, after which time J. J. Fretwell agrees to make title to the tract of land and take J. B. Royster's note, secured by mortgage of the premises, for the balance of the purchase price.

" 'J. B. Royster agrees to purchase, and does purchase, the tract of land mentioned above at the price and upon the terms stated therein, and for the faithful performance of the foregoing premises, we hereby bind ourselves, our heirs and assigns forever.

" 'In witness whereof we hereunto set out hands and seals this the 6th day of Oct., 1919.   J. J. Fretwell, by R. L. Griffin, Cashier.   [Signed] J. B. Royster.   In presence of M. M. Stuart, Janie Moseley.'

"(2) That plaintiff performed services for defendant of the value of seventy-five dollars, which amount was to be credited upon the purchase price of the said tract of land.   That he has duly performed all the conditions of the said contract on his part, and stands ready and willing to fulfiill the agreement made between them, but defendant has refused, and still refuses, to comply with the terms of the agreement.   That he has made demand time and again upon defendant to comply with his agreement, but he positively refuses to do so.

"(3) That in pursuance of their said agreement, and relying upon its conditions, plaintiff secured a tenant for the premises for the year 1920, bought and set out fruit trees upon the premises, and did numerous other acts in preparation for his occupation and enjoyment of the premises, of all of which defendant had actual notice.

"(4) That thereafter, to wit, on or about the 1st day of January, 1920, plaintiff again made demand upon de-

fendant * * * terms of the agreement herein set forth, but defendant willfully, wantonly, recklessly and in utter disregard of plaintiff's rights, refused to surrender possession of said premises, and thereby caused plaintiff to have to make other arrangements than those called for  by their said agreement for the year 1920.   That he gave defendant personal notice of what condition he would be left in if defendant did not comply with his agreement, but defendant maliciously and contemptuously ignored plaintiff's rights.

"(5) That by reason of defendant's willful, wanton, reckless and malicious acts and conduct in refusing to comply with his part of their agreement of purchase and sale, plaintiff has been deprived of the use and possession of the premises mentioned in said agreement.   That he lost the services of valuable tenants, and has been put to great trouble and expense, all to his great damage in the sum of ten thousand dollars.

"Plaintiff prays that he have judgment against the defendant for the possession of the premises in accordance with the terms of their contract of sale and purchase, for damages in the sum of ten thousand dollars and costs of action, and such other relief as may be just and proper.

"In his answer the defendant (1) denies each and every allegation of the complaint except as therein admitted, modified, and explained; (2) admits entering into the contract in writing; (3) alleges he has performed and offered to perform all the terms and conditions. of said contract upon his part, and has at all times been, and is now, ready and willing to perform all the terms and conditions of said contract on his part; (4) that on the 1st day of January, 1920, defendant expressly offered and tendered to the plaintiff the possession of the said tract of land, but plaintiff refused the possession of the said tract of land, and has at all times since failed and refused to take possession of the said tract of land, and has declared his purpose and intention to repudiate the said contract on his part.

"The case was first tried in the Court of Common Pleas for Oconee County, before his Honor, T. S. Sease, and a jury on the 30th of March, 1921, and resulted in a mistrial. Upon the call of the case in the Court of Common Pleas for Oconee County at the October term, 1921, the defendant made a motion to require the plaintiff to elect which cause of action he would go into trial upon, the cause of action for specific perfomance or upon the cause of action for damage. Plaintiff elected to go to trial upon the cause of action for damages. Defendant then made motion to dismiss the case upon the ground that the Court of Common Pleas for Oconee County was without jurisdiction for the reason that the defendant resided in Anderson County. Thereupon Judge Moore made an order transferring the case to Anderson County, there to be docketed for trial in that County. The case was tried in Anderson County at the Spring term, 1922, before his Honor, W. H. Townsend, and a jury, and resulted in a verdict in favor of the plaintiff for the sum of $500.00. From the verdict of the jury, and judgment duly entered thereon, defendant in due time served notice of appeal to the Supreme Court."

The eighth exception was abandoned. The other exceptions raise two questions, the first of which is, whether the contract is certain to that degree that it may be enforced.

The appellant's attorney has failed to satisfy this Court that there is such uncertainty in the provisions of the contract as to prevent its enforcement. The exceptions raising this question are, therefore, overruled.

2 The next question presented by the exceptions is whether, under the terms of the contract, the respondent was entitled to possession of the premises in question prior to the payment of one-third of the purchase price and interest.

The parties to the contract contemplated that the plaintiff would enter into the possession of the land, as he did not have the means to pay for it except by the crops which he

expected to make upon it. As he was entitled to the possession of the land, and he elected to rely upon his cause of action for damages, arising from the refusal of the defendant to deliver possession to him, the exceptions raising this question are also overruled.

Affirmed.